UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BONZELAAR and
AMY T. BONZELAAR,

   Plaintiffs,

              CASE NO. 1:08-CV-725

v.

              HON. ROBERT J. JONKER

M & I BANK and HSBC,

   Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendant HSBC's Motion to Dismiss and for Summary Judgment (docket # 25), filed on June 5, 2009. Even after the Court extended Plaintiffs' response deadline to September 1, 2009, Plaintiffs still have failed to respond to Defendant's Motion. Accordingly, HSBC's properly supported motion for summary judgment is granted.

## BACKGROUND

In January 2005, Plaintiffs Scott and Amy Bonzelaar closed on two loans brokered by Michigan Mortgage Funding ("MMF") with M&I Bank FSB as the lender. One of the loans was secured by a mortgage located at 1655 Cedar Creek Drive, Zeeland, Michigan 49464, where Plaintiffs reside. After the loans closed, HSBC purchased the loans from M&I Bank under a continuing bulk agreement. More than two years later, Plaintiffs defaulted on the loans.

Plaintiffs filed this nine-count complaint against M&I Bank, MMF and HSBC shortly before their redemption period expired. They failed to redeem, but continue to reside at the foreclosed

property, which HSBC has purchased. HSBC's eviction action in state court has been stayed pending the outcome of this litigation.

On June 5, 2009, HSBC filed a motion to dismiss and for summary judgment (docket # 25). On July 13, 2009, after receiving no response from Plaintiff, Plaintiff was ordered to show cause by July 17, 2009 why the motion to dismiss should not be granted (docket # 28). The Court was contacted by telephone by Plaintiff's counsel on July 16, 2009, and it was advised that counsel had recently been released from the hospital and was continuing a recuperation period. Plaintiff's counsel requested additional time to respond, and the Defendants concurred in the request for additional time. The Court dismissed the Order to Show Cause and extended the response deadline to September 1, 2009 (docket # 29). Plaintiffs still have failed to respond to HSBC's Motion to Dismiss and for Summary Judgment.

## ANALYSIS

In reviewing a motion for summary judgment, a court must assume the truth of the non-moving party's evidence and make all reasonable inferences from that evidence in the light most favorable to the non-moving party. *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001). When a motion for summary judgment "is made and supported by competent admissible evidence, the nonmovant may not rest on his pleadings, but must come forward with affidavits or other admissible evidence setting forth specific facts showing there is a genuine issue for trial." *Id.* at 471 (internal quotation marks and quotation omitted). A factual dispute is not genuine where "it is so one-sided that one party must prevail as a matter of law." *Id.* (quotation omitted).

Of the nine counts in Plaintiffs' complaint, six of the counts are directed against HSBC. HSBC has moved for summary judgment on all six of the counts against it, and for dismissal of four of the counts. HSBC has offered competent, admissible evidence in support of its motion, including

signed copies of the relevant loan documents, its file on Plaintiffs' account, its unanswered discovery requests, and the affidavit of Charles J. Hoving, Vice President of Compliance for HSBC's Consumer and Mortgage Lending business. *See id.* The evidence put forward by HSBC supports its motion for summary judgment of all the claims against it, and Plaintiffs have failed, even after receiving an extension of time in which to answer, to "come forward with affidavits or other admissible evidence setting forth specific facts showing there is a genuine issue for trial." *See id.*

**ACCORDINGLY, IT IS ORDERED** that HSBC's motion for summary judgment (docket # 25) is **GRANTED**.


Dated:     September 30, 2009                /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE