UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BONZELAAR and
AMY T. BONZELAAR,

Plaintiffs,

CASE NO. 1:08-CV-725

v.

HON. ROBERT J. JONKER

M & I BANK and HSBC,

Defendants.
______________________________________/

**OPINION AND ORDER**

Before the Court is Defendant M & I Bank FSB's Motion to Dismiss and for Summary Judgment (docket # 31), filed on September 24, 2009. This Court ordered Plaintiffs to respond to the motion by October 14, 2009 (docket # 34). Plaintiffs have failed to respond to the Bank's Motion. For the reasons given below, the Bank's motion for summary judgment is properly supported. Additionally, dismissal for failure to prosecute is appropriate on this record. Accordingly, the Bank's motion to dismiss and for summary judgment is granted.

**BACKGROUND**

In January 2005, Plaintiffs Scott and Amy Bonzelaar closed on two loans brokered by Michigan Mortgage Funding ("MMF") with M&I Bank FSB as the lender. One of the loans was secured by a mortgage located at 1655 Cedar Creek Drive, Zeeland, Michigan 49464, where Plaintiffs reside. After the loans closed, Defendant HSBC purchased the loans from M&I Bank under a continuing bulk agreement.

More than two years later, Plaintiffs defaulted on the loans. HSBC purchased the home and filed an eviction action against the Plaintiffs. On July 31, 2008, with less than a month remaining before their six-month redemption period expired, Plaintiffs filed this nine-count complaint against M&I Bank, MMF and HSBC. Plaintiffs failed to redeem, but this action stayed the eviction action against them.

Plaintiffs continue to reside, rent free, at the foreclosed property. Once the eviction action against them was stayed, Plaintiffs ceased to participate in this litigation. They failed to serve Michigan Mortgage with the complaint, leading to the dismissal of that company from this action (docket # 8). After participating in an initial round of discovery, Plaintiffs failed to respond to discovery sent by the Bank and by HSBC, did not conducted discovery of their own, and failed to respond to HSBC's motion for dismissal and summary judgment even after being granted an extension of time in which to respond. The Bank now has filed this motion to dismiss and for summary judgment, and Plaintiffs failed as well to respond to this motion.

## ANALYSIS

### I. Summary Judgment

In reviewing a motion for summary judgment, a court must assume the truth of the non-moving party's evidence and make all reasonable inferences from that evidence in the light most favorable to the non-moving party. *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001). When a motion for summary judgment "is made and supported by competent admissible evidence, the nonmovant may not rest on his pleadings, but must come forward with affidavits or other admissible evidence setting forth specific facts showing there is a genuine issue for trial." *Id.* at 471 (internal

quotation marks and quotation omitted). A factual dispute is not genuine where "it is so one-sided that one party must prevail as a matter of law." *Id.* (quotation omitted).

Of the nine counts in Plaintiffs' complaint, eight of the counts are directed against the Bank. The Bank has moved for summary judgment on all eight of the counts against it, and for dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Bank has offered competent, admissible evidence in support of its motion, including signed copies of the relevant loan documents and disclosure statements and its unanswered discovery requests. *See id.* The evidence put forward by the Bank supports its motion for summary judgment of all the claims against it, and Plaintiffs have failed to "come forward with affidavits or other admissible evidence setting forth specific facts showing there is a genuine issue for trial." *See id.*

## II. Failure to Prosecute

Dismissal under Rule 41 also is appropriate on this record. Rule 41(b) authorizes the Court to dismiss an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll*, 176 F.3d at 363 (internal quotation marks and alteration omitted). A court must consider four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* "Although typically none of the factors is outcome

dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.*

Here, the record clearly demonstrates that Plaintiffs are "deliberately proceeding in a dilatory fashion." *See id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Plaintiffs failed to serve Michigan Mortgage--the defendant alleged to be primarily responsible for the harms allegedly visited upon the Plaintiffs--with the complaint, leading to the dismissal of that company from this action (docket # 8). After participating in an initial round of discovery, Plaintiffs failed to respond to discovery sent by the Bank five months ago and by HSBC six months ago. Plaintiffs have not conducted discovery of their own. Defendant HSBC filed a motion for dismissal and summary judgment on June 5, 2009 (docket # 25). Plaintiffs failed to respond, and on July 13, 2009, they were ordered to show cause why the motion to dismiss should not be granted (docket # 28). After Defendants concurred in Plaintiffs' request for additional time, the Court dismissed the Order to Show Cause and extended the response deadline to September 1, 2009 (docket # 29). Plaintiffs still failed to respond to HSBC's Motion. The Bank then filed this motion to dismiss and for summary judgment, and Plaintiffs failed as well to respond to this motion. For almost fifteen months, Plaintiffs have been living rent-free while hindering their case from moving forward in an attempt to stay the foreclosure against them. Defendants have been prejudiced by wasting time, effort, and money litigating a case in which Plaintiffs are not participating. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). On this "clear record of delay [and] contumacious conduct," dismissal of the action under Rule 41(b), with prejudice, is appropriate. *See Knoll*, 176 F.3d at 633.

**ACCORDINGLY, IT IS ORDERED** that the Bank's motion for dismissal and summary judgment (docket # 31) is **GRANTED**, and all Plaintiffs' claims against the Bank are dismissed with prejudice.

Dated: October 20, 2009

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE